United States Courts
Southern District of Texas
F I L E D

SEP 27 2019

David J. Bradley, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CIVIL ACTION No. _19-3696_ |
| Ex.Rel.(s) ARTHUR MINGUEZ, JR., | § | |
| Dr. LARRY POLLOCK, | § | |
| BRANDY MILLER, and | § | |
| KELSEY  NOBLE | § | |
| | § | |
| STATE OF TEXAS, Ex.Rel.(s) | § | |
| ARTHUR MINGUEZ, JR., | § | |
| Dr. LARRY POLLOCK, | § | |
| BRANDY MILLER, and | § | |
| KELSEY  NOBLE | § | |
| | § | FILED IN CAMERA |
| vs. | § | |
| | § | AND |
| Lucky A. Chopra  MD, | § | |
| L. Chopra MD, PA, Robert Turner, | § | UNDER SEAL |
| Tarik Tewary, Justin Rainer, | § | |
| Rubin Shah,  Henry Small MD, | § | PURSUANT TO 31 U.S.C. §3730 (b) |
| Raj Thakur MD,  Huma Haider MD, | § | |
| Chris Douglas-Oguneko,  Mark Previty, | § | |
| Patricia H. Janki, MD,Pat H. Janki, MD, PA,§ | | |
| Patricia H. Janki, MD, PA D/B/A | § | |
| ΣCare  Medical Group, Jon Hickey, | § | |
| Wanda McClelland, Irina Diaz, | § | |
| John A. Daspit, Adam B. Henderson, | § | |
| AD Hospital East, LLC, AD RE Aloha, LLC§ | | |
| Advanced Diagnostics BA JV Partner LLC, | § | |
| Advanced Diagnostics  Health System LLC, | § | |
| Advanced Diagnostic Hospitals & | § | |
| Clinics, LLC, Advanced Diagnostics | § | |
| Management LLP, Advanced Surgeons & | § | |
| Physicians Network, Inc., | § | |
| Care Capital, LLC., Chopra Imaging | § | |

Centers, Inc., Cognizant Management          §
Solutions LLC, Covia Health, LLC,            §
Diagnostic Interventional and Vascular       §
Consultants LLC, Interventional,             §
Vascular & Diagnostics Associates, PA,       §
Imaging Consultants, Management AD           §
Hospital East, LLC, Republic Pain and        §
Anesthesia Consultants, PLLC,                §
River Oaks Hospital & Clinics, LLC,          §
Spine, Orthopedic and Pain Surgical          §
Partners, LLC, Texas Brain Center LLC,       §
Texas Brain Center Professional              §
Services, PLLC, Zoo Capital Holdings,LLC     §
Interventional Practice Associates, PLLC,    §
Urban Medical LLC, and Advanced              §
Medical Group                                §

# **COMPLAINT**

Pursuant to the "*qui tam*" provisions of the Federal False Claims Act, 31 U.S.C § 3729 et seq, ("Federal False Claims Act" or "FCA"), and qui tam Relators Arthur Minguez, Jr., Dr. Larry Pollock, Brandy Miller, and Kelsey Noble  ("Relators"), on behalf of the United States of America and the State of Texas file this Complaint against the above-named Defendants and allege as follows:

## I.  **INTRODUCTION AND OVERVIEW**

1.  This matter stems from a coordinated network and enterprise created and organized by Defendant **Lucky A**. **Chopra MD** who created, owns, manages or directs the employees of the following (Lucky's Corporations") whose actions collectively and individually violate the laws of the United States and the State of Texas, ultimately, defrauded and continue to defraud, the Federal and state governments out of millions of dollars. Although other individuals and companies were actively involved in the activities alleged in this lawsuit, an initial understanding of  "Lucky's Corporations" and **Lucky A. Chopra MD's** position with

each assists in understanding the inter-relations and intertwined corporate nature of this enterprise.

.

## Lucky's Corporations

| Name of Entity | Position Held by Lucky Chopra |
| --- | --- |
| L. Chopra, M.D., PA | Director & President |
| AD Hospital East, LLC | Sole Managing Member, President |
| AD RE Aloha, LLC | Manager |
| Advanced Diagnostics BA JV Partner LLC | Manager |
| Advanced Diagnostics Health System, LLC | President of its Management Co. |
| Advanced Diagnostics Hospitals and Clinics | Manager |
| Advanced Diagnostics Management, LLP | Managing Majority Partner |
| Advanced Surgeons & Physicians Network, Inc. | Manager |
| CareCapital, LLC | Manager |
| Chopra Imaging Centers, Inc. | Director, CEO, Manager |
| Cognizant Management Solutions, LLC | President |
| Covia Health, LLC | Manager |
| Diagnostic, Interventional & Vascular Consultants LLC | Manager |
| Interventional, Vascular, & Diagnostic Associates, PA | Director |
| Imaging Consultants | Director |
| Management AD Hospital East, LLC | Manager |
| Republic Pain and Anesthesia Consultants, PLLC | Manager |
| River Oaks Hospital & Clinics, LLC | President of its Management Co. |
| Spine, Orthopedic and Pain Surgical Partners, LLC | Member |

| | |
|---|---|
| Texas Brain Center, LLC | Manager |
| Texas Brain Center Professional Services, PLLC. | Manager |
| Zoo Capital Holdings, LLC | Manager |
| Interventional Practice Associates, PLLC | Manager |
| (Advanced Diagnostics Hospitals & Clinics LLC D/B/A) Advanced Medical Group | Manager |

2. The organized scheme, enterprise and activities of the Defendant hospital, various clinics, physicians, attorneys, corporate executives, office personnel, medical personnel, marketers, and medical/surgical supplies company resulted in the Federal Government and the State of Texas being defrauded out of millions of dollars from, at least, 2014 to the present. This fraudulent scheme was perpetrated through various methods including, but not limited to, self-referrals, over-charging,  double billing, unbundling of services, billing for services not provided, kickbacks, and false advertising.

3. A common scheme utilized by the Defendants is to have tow truck drivers refer accident victims to one or more of the Defendant hospitals or clinics for which the tow truck drivers receive compensation for the referral from one or more of the Defendants. Personal injury attorneys are also encouraged with remuneration to refer clients to the various corporations and physicians associated with **Lucky Chopra, MD**. "Lucky's Corporations" also pay medical providers to whom they refer patients or physicians performing services for these corporations and then mark up the provider's bill considerably before presenting it to the patient, insurance company, Medicare, Medicaid, or personal injury attorney.

4. In addition, **AD Hospital East, LLC** and many of the other "Lucky's Corporations" utilize an RMS ("Referral Management System") which tracks the referrals of patients which are received by numerous physicians and participating personal injury and workers compensation attorneys who are compensated for said referrals. Many receive their remuneration for referrals disguised as payments for advertising and marketing in an attempt to conceal their true nature as kickbacks for patient referrals.

5.    One or more employees with **Advanced Diagnostic Hospitals and Clinics** have, without any medical license or expertise, written medical reports, under the direction and specific instructions of the patient's attorney. In an effort to enhance the value of a personal injury or workers compensation claim, the report would include exaggerated findings and recommendations for medical care, treatments and surgeries that are not medically indicated or necessary. This same employee regularly reviewed and revised physician reports prior to their release to be certain they would comply with attorney requests and support the inflated bills that were issued by the Hospital, Clinic or Physician.

6.    In addition, if a patient is admitted to the Defendant hospital, often they, their insurance companies, Medicare, Medicaid, or the patient's personal injury attorney receive fraudulent bills for services, medications, and supplies provided by the hospital, surgeon, anesthesiologist, and radiologist billed by a "Lucky Corporation" These fraudulent bills are created with excessive charges for services or supplies, billing for the same service through two different "Lucky Chopra" corporations such as an Anesthesiologist bill from both **AD Hospital East, LLC** and **Republic Pain and Anesthesia Consultants, PLLC.**, unbundling of services and supplies, billing for services, medications or supplies not received, for services or supplies not medically necessary, billing for hospital admission and inpatient services when outpatient services are indicated, billing drastically inconsistent amounts for the same anesthesia drugs, and charging for bundled surgical supply kits and then adding charges for each individual item in the kits.

7.    **Urban Medical, LLC**, was formed, is managed by, and has as its registered agent Defendant **Wanda McClelland**. Ms. McClelland was paid for some time by one of "Lucky's Corporations" to manage the medical office of **Dr. Henry Small** which is a form of kickbacks paid to encourage surgeries at AD Hospital East. Once one of "Lucky's Corporations" purchased Dr. Small's surgical practice and billed for his surgeries, Ms. McClelland began being paid to manage his office by Dr. Small. Wanda McClelland, under the direction of Dr. Small, orders and purchases surgical supplies, prosthetics or orthotics from **Urban Medical, LLC**, her own company, for surgeries performed by Dr.Small at **AD Hospital East, LLC.** It is believed that **Urban Medical, LLC** is a shell corporation that is merely purchasing supplies for Dr. Small's surgeries and then billing for them at inflated

prices to patients, Medicare, Medicaid, insurance companies and personal injury attorneys.. The corporate address for **Urban Medical, LLC** is an apartment in Houston which is also listed as Ms. McClelland's current residence.

8.  **Care Capital, LLC**, a medical funding corporation owned, directed, or managed by **Lucky Chopra, MD**, also purchases some of the accounts receivable from medical providers to whom it refers patients for the face value of the debt and then fraudulently multiplies that provider's actual bill by, typically, up to six (6) times the actual charges submitted by the medical provider and charges that fraudulent amount to the patient, insurance company, Medicare, Medicaid, or personal injury attorney. Examples exist which show referrals to a specialty health care provider by one of "Lucky's Corporations" and the provider submits a bill subsequent to the completion of his services for $2,500. The provider's bill is paid by **Care Capital, LLC** which then owns the $2,500 debt. **Care Capital, LLC**'s $2,500 debt next appears on one of "Lucky's Corporation's" bills to the patient, insurance company, Medicare, Medicaid or personal injury attorney. These bills specifically identify the specialty health care provider's correct name, date of service, and service provided but the charge has been changed from $2,500 to $15,000. **AD Hospital East, LLC** patient bills very often include fees for surgeons, anesthesiologists, laboratory services, blood tests, radiologists fees and other specialists whose fees are initially paid by a "Lucky Corporation". Subsequently, the amount paid by the "Lucky Corporation" to the provider is drastically increased and the fraudulent bill is then passed to the patient, Medicare, Medicaid,  insurance companies or personal injury attorneys.

## II.  <u>PARTIES</u>

**PLAINTIFFS:**

**United States of America:  Relators,  Arthur Minguez, Jr.,  Dr. Larry Pollock, Brandy Miller** and **Kelsey Noble** bring this action on behalf of the United States pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. § 3729 et seq.

**State of Texas:   Relators, Arthur Minguez, Jr., Dr. Larry Pollock, Brandy Miller** and **Kelsey Noble** bring this action on behalf of the State of Texas pursuant to the Texas False Claims Act, Texas Human Resources Code § 36.002 et seq.

## RELATORS:

1. **Relator Arthur Minguez, Jr.** is the CEO and founder of MedSurg A/R Services, Inc., a Texas based Healthcare Consulting Company specializing in large catastrophic personal injury cases. Mr. Minguez received his MBA- major Finance, Minor Healthcare Administration from Drexel University and a BA in Finance from Penn State University. As a Senior Healthcare Executive with more than 35 years Senior Healthcare Experience, Mr. Minquez is familiar with Lucky Chopra, MD and his healthcare corporations. In addition, based upon his extensive experience in the healthcare field, Mr. Minquez is familiar with the Federal and Texas healthcare laws and regulations, customary and usual charges for medical and surgical procedures, and the interactions between the two.

2. **Relator Dr. Larry Pollock** is a Clinical Psychologist specializing in Neuropsychology and, more specifically, Traumatic Brain Injuries. He attended Stephen F. Austin State University in Nacogdoches where he received his B.S. in Psychology in 1967. In 1971 he received his M.S. in Psychology from Syracuse University in New York. After completing his internship at Baylor College of Medicine in Houston, he returned to Syracuse University and earned his Ph.D. in Clinical Psychology in 1973. He has practiced over 35 years and is currently the owner and Director of Project ReEntry in Houston, Texas. Dr. Pollock has received approximately 152 referrals for neuropsychological evaluations from "Lucky Corporations" from March 2018 to date.

3. **Relator Brandy Miller** worked at AD Hospital East, LLC as a Referral Coordinator for many of the "Lucky Corporations" from August 2016 to July 2017 handling Workers Compensation patient referrals, personal injury attorney client referrals and private insurance referrals from outside providers.

4. **Relator Kelsey Noble** is the Custodian of Records for Marty Herring & Associates, a law firm in Houston, Texas. Mrs. Noble has examined and analyzed the law firm's client files to provide this Court with evidentiary documentation of the various types of fraudulent medical billing claims asserted herein. In addition, Mrs. Noble has researched the Defendants advertising and profiles on the internet and provided the documentation produced from said research.

## DEFANDANTS:

5. **Defendant Lucky Chopra MD**, aka **Lucky Atul Chopra MD**, is the Chief Executive Officer at Advanced Diagnostics Healthcare and associated with all of the entities listed in Sec. A above. Lucky Chopra MD may be served at his current residence, 3333 Allen Pkwy #PH2 Houston, Texas 77019-1854.

6. **Defendant L. Chopra, M.D., P.A.** is a professional association organized under the laws of the State of Texas. **Lucky Chopra MD** is the Director and Manager of the association. The Registered Agent of the association is Christopher Harkey who may be served at 8305 Knight Rd., Houston, Texas 77054.

7. **Defendant Robert Turner** is the System Chief Operating Officer at Advanced Diagnostics Hospitals & Clinics and may be served at his current residence, 26127 Sandersgate Lane., Katy, Texas 77494.

8. **Defendant Tarik Tewary** is the Finance Manager at Advanced Diagnostics Healthcare and may be served at his current residence, 7726 Tiburon Trail, Sugar Land, Texas 77479.

9. **Defendant Justin Rainer** is the Revenue Manager at Advanced Diagnostics Hospitals & Clinics and may be served at his current residence, 1909 Lexington St., Deer Park, Texas 77536.

10. **Defendant Rubin Shah** is Administrator of AD Hospital East, LLC and the Director of Pharmacy at Advanced Diagnostics Hospitals & Clinics. Defendant Shah may be served at his current residence, 7411 Mulrain Drive, Sugar Land, Texas 77479.

11. **Defendant Dr. Henry Small** is an Orthopedic Surgeon employed by AD Hospital East, LLC and may be served at his current residence 8001 Crestview Drive, Houston, Texas 77028 .

12. **Defendant Dr. Raj Thakur** is the Director of Interventional Radiology at Advanced Diagnostics and may be served at his current residence 4538 Oleander Street, Houston, Texas 77401.

13. **Defendant Dr. Huma Haider** is an Anesthesiologist who was practicing at the Texas Brain Institute and currently is the Medical Director of the National Brain Injury Institute. Dr. Haider may be served at her current residence 5610 Regency Drive, Sugar Land, Texas 77479-4113.

14. **Defendant Chris Douglas-Oguneko** is the Chief Executive Officer at Advanced Physicians and Surgeons Network, Inc. and may be served at his current residence 4110 Woodwind Lane, Houston, Texas 77025-4650.

15. **Defendant Mark Previty** is the Chief Financial Officer and Controller at Advanced Diagnostics Hospitals & Clinics and may be served at his current residence Medical Group and he may be served at his current residence 3333 Allen Parkway, #1006, Houston, Texas 77019-1840.

16. **Defendant Dr. Victoria Do** is a family medicine physician practicing with Advanced Medical Group located at 8305 Knight Road, Houston, Texas 77054. She is also a Director for Advanced Surgeons & Physicians Network, Inc. Dr. Do can be served at her current  residence 4622 Chaneybriar Avenue, Sugar Land, Texas 77479.

17. **Defendant Patricia H. Janki, MD** is a physician licensed by the Texas Medical Board and may be served at her current residence 4031 Turnberry Circle, Houston, Texas 77025.

18. **Defendant Patricia H. Janki, MD, PA D/B/A ΣCare Medical Group,** although the Professional Association created under the laws of the State of Texas for Dr. Janki is under the name of **Pat H. Janki, MD, PA,** the physician advertises on the internet under the name and D/B/A identified herein. The Professional Association may be served through its registered agent, Patricia H. Janki at 13601 Woodforest Blvd., Houston, Texas 77015.

19. **Defendant Jon Hickey** is actively marketing for and employed by AD Hospital East, LLC and may be served at his current residence 14323 Prosper Ridge Drive, Texas 77429.

20. **Defendant Wanda McClelland** is the Office Manager for Defendant Henry Small and is also the Owner/Manager of Urban Medical LLC, and may be served at her current residence 2600 Mid Lane #10, Houston, TX 77027-4921.

21. **Defendant Irina Diaz** is the Referral Coordinator for AD Hospital East and many other "Lucky Corporations" which provide health care. She may be served at her

current residence address 6377 Chevy Chase Drive, # 312 Houston, Texas 77057.

22. **Defendant John A. Daspit** is a personal injury attorney licensed in the State of Texas and may be served at his current residence 2006 Helena Street, Houston, Texas 77002.

23. **Defendant Adam B. Henderson** is a personal injury attorney specializing in Workers Compensation cases and is licensed by the Texas State Bar. This Defendant may be served at his current residence 2403 Chatham Creek Court, Houston, TX 77077.

24. **Defendant AD Hospital East, LLC** is a limited liability company organized under the laws of the State of Texas. **Lucky Chopra MD** is the President and Sole-Managing Member of this Defendant. The Registered Agent for AD Hospital East, LLC is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

25. **Defendant AD RE Aloha, LLC** is a limited liability company organized under the laws of the State of Texas. **Lucky Chopra MD** is the Manager of the company. The Registered Agent for AD RE Aloha, LLC is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

26. **Defendant Advanced Diagnostics BA JV Partner LLC** is a limited liability company organized under the laws of the State of Texas. The Manager of the company is **Lucky Chopra MD**. The Registered Agent of the company is Lucky A. Chopra who may be served at 8305 Knight Road, Houston, TX 77054.

27. **Defendant Advanced Diagnostics Health System, LLC** is a limited liability company organized under the laws of the State of Texas. The Manager of the company is Cognizant Management Solutions, LLC and the President is **Lucky Chopra MD**. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

28. **Defendant Advanced Diagnostics Hospitals and Clinics, LLC** is a limited liability company organized under the laws of the State of Texas. The Manager of the company is **Lucky Chopra MD.** Advanced Diagnostics East Hospital and 24-Hour Emergency Center, Advanced Medical Group, Advanced Diagnostics Healthcare, Spine, Orthopedic and Pain Surgical Partners, LLC and Texas Brain Center, LLC are also advertised affiliates of Advanced Diagnostics Hospitals and Clinics. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

29. **Defendant Advanced Diagnostics Management, LLP** is a limited liability

partnership organized under the laws of the State of Texas with a stated purpose of "Management, billing and collections for businesses in the outpatient diagnostic imaging business." **Lucky Chopra MD** is the Managing Majority Partner of the Partnership. Lucky Chopra, the Managing Majority Partner, may be served at the partnership's principal office at address is 8305 Knight Road, Houston, Texas 77054.

30. **Defendant Advanced Surgeons & Physicians Network, Inc.** is a **nonprofit** corporation organized under the laws of the State of Texas. The corporation's three Directors are Victoria Do MD, Raj Thakur MD and Robert Soule MD and the Manager is **Lucky  Chopra MD.** The Registered Agent of the corporation is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

31. **Defendant CareCapital, LLC** is a limited liability company organized under the laws of the State of Texas. **Lucky Chopra MD** is the Manager of the company. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

32. **Defendant Chopra Imaging Centers, Inc.** is a corporation organized under the laws of the State of Texas. The Directors of the corporation are **Dr. Lucky Chopra** and  Dr. Raj Chopra and the CEO and Manager is **Lucky A. Chopra MD**. The Registered Agent of the corporation is Christopher Harkey who may be served at 8305 Knight  Road, Houston, Texas 77054.

33. **Defendant Cognizant Management Solutions, LLC** is a limited liability company organized under the laws of the State of Texas. This company manages Advanced Diagnostic Health Systems, LLC.  The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

34. **Defendant Covia Health, LLC** is a limited liability company organized under the laws of the State of Texas. **Lucky Chopra MD** is the Manager of the company. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77045.

35. **Defendant Diagnostic, Interventional, and Vascular Consultants PLLC** is a limited liability company organized under the laws of the State of Texas. **Lucky Chopra MD** is the Manager of the company. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

36. **Defendant Interventional, Vascular, & Diagnostic Associates, PA** is a professional association organized under the laws of the State of Texas with a stated purpose of "Physician, Medical Services." **Lucky Chopra MD** is the sole Director and the sole Managing Member of the Professional Association.. The Registered Agent of the

association is Scott Youngblood who may be served at 2014 N Main Street, Pearland, Texas 77581.

37. **Defendant Imaging Consultants** is a Domestic **Nonprofit** Corporation organized under the laws of the State of Texas. **Lucky Chopra MD**, Robert Soule, Jr, MD, and Rajiv Thakur MD are the Directors of the Corporation. The registered agent of the corporation is C T Corporation System who may be served at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

38. **Defendant Management AD Hospital East, LLC** is a limited liability company organized under the laws of the State of Texas. **Lucky Chopra MD** is the Manager of the company. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

39. **Defendant Republic Pain and Anesthesia Consultants, PLLC** is a professional limited liability company organized under the laws of the State of Texas. Lucky Chopra MD is the Manager of the company. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

40. **Defendant River Oaks Hospital & Clinics, LLC** is a limited liability company organized under the laws of the State of Texas. The Manager of the company is Cognizant Management Solutions, LLC. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

41. **Defendant Spine, Orthopaedics, & Pain Surgical Partners, LLC** is a limited liability company organized under the laws of the State of Texas. **Lucky Chopra MD** is the sole Member of the company. The Registered Agent of the company is Lisa M. Butcher who may be served at 8305 Knight Road, Houston, Texas 77054.

42. **Defendant Texas Brain Center Professional Services, PLLC** is a professional limited liability company organized under the laws of the State of Texas with a stated Manager of the company. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

43. **Defendant Zoo Capital Holdings, LLC** is a limited liability corporation organized under the laws of the State of Texas. **Lucky Chopra** is the Manager of the company. The Registered Agent of the company is Christopher Harkey who may be served at 8305 Knight Road, Houston, TX 77054.

44. **Defendant Interventional Practice Associates PLLC** is a professional limited liability corporation organized under the laws of the State of Texas, **Lucky Chopra MD,** is the Manager of the company. The Registered Agent of the corporation is Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

45. **Defendant Urban Medical LLC** is a limited liability company organized under the laws of the State of Texas. Wanda McClelland is the Manager of the company. The Registered Agent of the company is Wanda McClelland who may be served at 2600 Midlane #10, Houston, TX 77027.

46. **Defendant Advanced Medical Group** is an unincorporated Medical Group Practice located in the same office building as many other "Lucky Corporations" on Knight Road in Houston.  The practice currently consists of three family practice physicians, Dr. Victoria Do, Dr. Robert Soule and Dr. Archna Vajpayee.   Advanced Diagnostics Hospitals & Clinics LLC advertises that it does business as Advanced Medical Group and it may be served through their Registered Agent, Christopher Harkey who may be served at 8305 Knight Road, Houston, Texas 77054.

## III.   JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. § 3729 and 3730.

2. This Court has jurisdiction over the State of Texas claims herein under 31 U.S.C. §3732.(b). In addition, this Court has supplemental jurisdiction over claims brought on behalf of the State of Texas under 28 U.S.C. §1367.

3. This Court has personal jurisdiction over the defendants pursuant to 31 U.S.C. § 3732(a) because all of the defendants can be found in, reside, or transact or have transacted business in this judicial district.

4. None of the allegations set forth in this Complaint are based on a public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative or General Accounting Office report, hearing, audit or investigation, or from the news media. There have been no public disclosures of the allegations  or  transactions  contained  herein  that  bar  jurisdiction  under  31  U.S.C. § 3730(e). Relators each have direct and independent knowledge of the information

contained in their individual Disclosure Statements and upon which the allegations in this Complaint are based.

5.  None of the allegations or transactions set forth in this Complaint are substantially the same as allegations or transactions that have been publically disclosed in a Federal criminal, civil or administrative hearing in which the Government or its agent is a party, or in a congressional, administrative or Government Accountability Office, or other Federal report, hearing, audit or investigation, or from the news media.

6.  Venue is proper in the United States District Court for the Southern District of Texas because it is the judicial district in which most of the defendants can be found, reside, transact business or in which acts proscribed by 31 U.S.C. 3729 occurred.

## IV.  CAUSES OF ACTION

### A.  Federal False Claims Act

1. The Federal False Claims Act, 31 U.S.C. §3729(a) et seq., in parts relevant to the claims asserted herein, provides that any person who

    (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

    (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

2.. Through an organized scheme and persistent practice of overcharging for services, double billing for the same services through two separate entities, unbundling services, billing for services not provided, over usage of services, and charging for services not medically necessary the Defendants  presented false or fraudulent claims for payment or approval; knowingly made, used, or caused  to be  made or used, a false record or statement to get a false or fraudulent claim paid or  approved by the

United States Government; conspired to  defraud the United States Government by getting a  false or fraudulent claim paid or approved by the United States Government; and knowingly made, used or caused to be  made or used, a false record or statement to conceal, avoid, or decrease an obligation to  pay or transmit money to the Government. Through this ongoing practice, Defendants,  individually and/or collectively, have defrauded and continue to defraud Medicare and Medicaid out of millions of dollars of federal funds from, at least, 2014 to the present.

## B.  "Stark Law" and "Anti-Kickback Statute"

3.  42 U.S.C § 1395nn(a) Ethics In Patient Referrals Act contains the Federal prohibition of certain referrals and states:

    (a) PROHIBITION OF CERTAIN REFERRALS

        (1) IN GENERAL Except as provided in subsection (b), if a physician (or an immediate family member of such physician) has a financial relationship with an entity specified in paragraph (2), then—

            (A) the physician may not make a referral to the entity for the furnishing of designated health services for which payment otherwise may be made under this subchapter, and

            (B) the entity may not present or cause to be presented a claim under this subchapter or bill to any individual, third party payor, or other entity for designated health services furnished pursuant to a referral prohibited under subparagraph (A).

        (2) FINANCIAL RELATIONSHIP SPECIFIED For purposes of this section, a financial relationship of a physician (or an immediate family member of such physician) with an entity specified in this paragraph is—

(A) except as provided in subsections (c) and (d), an ownership or
investment interest in the entity, or

(B) except as provided in subsection (e), a compensation
arrangement(as defined in subsection (h)(1)) between the
physician (or an immediate family member of such physician) and the
entity.

4. Dr. Patricia Janki, a Defendant herein, advertizes that she not only accepts Medicare but
also "accepts Medicare-approved amount as payment in full". Advanced Diagnostics
Healthcare and AD Hospitals and Clinics are also Medicare and Medicaid approved
providers. Dr. Janki was paid $50,000 per month by Dr. Lucky A. Chopra, or one of the
corporate defendants he established and controls, to refer patients from her Family and
Occupational Medicine practice to an AD Hospital, Clinic or other "Lucky Corporation".
Dr. Janki admitted to one of the Relators herein that she was being paid for referring
patients. In turn, one of Lucky Chopra's corporations subsequently provided health care
services to Dr. Janki's referred patients and submitted a bill to the patient, Medicare,
Medicaid, insurance company or personal injury attorney. These activities are a clear
violation of 42 U.S.C. 1395 and witnesses are available to provide the names of additional
paid referring physicians because these payments by "Lucky's Corporations" for patient
referrals are not limited to Dr. Janki. These referrals create an inherent conflict of interest
because the physician is in a position to benefit financially from the referrals. Such
arrangements encourage over-utilization of services driving up health care costs. In
addition, it can create a captive referral system limiting completion from other providers.

5. The above-described activities also violate 42 U.S.C. §1320 (a) et seq, the "Anti-
Kickback Statute which prohibits the knowing and willful offer, payment, solicitation, or
receipt of remuneration to induce referrals for items or services covered by a government
funded program. The waiver of deductibles offered by Dr. Janki is a clear violation of this
statute as the waiver is considered a kickback to the patient.

6. One of the corporate defendants controlled by Lucky Chopra, MD, paid the salary of Dr. Henry Small's Office Manager as an incentive or kickback for performing surgeries and treating patients at AD Hospital East.

7. In further violation of the Anti-Kickback Statute , one or more of the Defendants have a financial  relationship with a medical supplies and equipment or prosthetics, orthotics and prosthetic devices and supplies company from which items were  purchased and payment was sought from Medicare and Medicaid as well as private insurance companies, Workers Compensation, and patients. Wanda McClelland, the Office Manager for Orthopedic Surgeon Henry Small, MD, orders "hardware" for Dr. Small's surgeries from Urban Medical, LLC, a corporation for which Ms. McClelland is the Manager and Registered Agent. Since the corporate address for Urban Medical, LLC is the same as the apartment resided in by Ms. McClelland,

8. Personal Injury Attorneys John A. Daspit and Adam B. Henderson are also in violation of the Anti-Kickback Statute by referring clients to AD Hospitals and Clinics and/or other "Lucky's Corporations". Both Mr. Daspit and Mr. Henderson repeatedly received remuneration from AD Hospitals and Clinics and/or other "Lucky's Corporations in exchange for their referrals.

9. In addition to these actions violating the Anti-Kickback Statute, the Fraud Enforcement and Recovery Act of 2009 ("FERA") has made kickbacks *per se* violations of the Fair Claims Act.

10.  Defendants have violated and continue to violate the provisions of 42 U.S.C. § 1395nn(a)(1), the "Stark Law",  including extensions and amendments provided by the Omnibus Reconciliation Act of 1993 and the Social Security Act Amendments of 1994 and the Federal Anti-Kickback Statute, 42 U.S.C. §1320a-7b by referring patients and accepting referrals of patients through a series of illegal kickback arrangements and by self-referring patients to entities in which one or more of the Defendants have a financial relationship.

### C.  Federal Racketeering Act "RICO Act"

11. The Defendants have violated 18 U.S.C. §1961 ("RICO Act") through the utilization of the US mail and internet in the perpetration of fraud by its association in fact and in the creation of and furtherance of an enterprise by investing proceeds of the pattern of racketeering activity into the enterprise; and/or by acquiring or maintaining an interest in, or control of, the enterprise through the pattern of racketeering activity; and/or the Defendants conducted or participated in the affairs of the enterprise through the pattern of racketeering activity; or the defendants conspired to do one of the above-described activities in furtherance of the enterprise. The combined activities of the Defendants in furtherance of the enterprise has resulted in millions of dollars of fraudulent claims being submitted to and paid by the Medicare and Medicaid Programs. This case involves far more than excessive and fraudulent billing by physicians and hospitals. Through a pattern of criminal and unethical activities, this enterprise, participated in by a multitude of intermingled corporations and individuals in a variety of professions, has, and continues to invest their time, energy and fraudulent proceeds to continue to expand this enterprise.

### D.  The Lanham Act

### False Advertising 15 U.S.C. §45(a)(1)(B)

12.. The Lanham Act provides that any person who, in connection with any goods or services, uses in commerce a false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of their services, or commercial activities shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such activities. The United States Government is likely to be damaged by these false advertisements because some of the Defendants falsely advertise the prices for their services and then bill Medicare at significantly higher rates. Advanced Diagnostics Hospitals and Clinics publishes their pricelist on their website, www.adhealthcare.com but, in many instances, bills services and medical supplies at significantly higher prices.

13. Defendant Huma Haider, MD falsely reports her qualifications and credentials both online and in print. These advertisements are false, deceptive, or misleading in that they contain materially false claims or misrepresentations; contain implied false material claims or implied misrepresentations of material fact; omit material facts; made representations likely to cause confusion or misunderstanding as to the credentials, education, or licensure of a health care professional and their abilities to perform the service advertised.

### E.   Texas Medicaid Fraud Prevention Act

14. AD Hospital East, LLC is a Medicaid approved provider which, along with other Defendants,have participated in repeated violations of the Texas Human Resources Code §36.001 et seq, the Texas Medicaid Fraud Prevention Act ("TMFPA"). The "TMFPA", in parts relevant to the claims alleged herein, states as follows:

> Sec. 36.002. UNLAWFUL ACTS. A person commits an unlawful act if the person:
> (1) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;
> (2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;
> (3) knowingly applies for and receives a benefit or payment on behalf of another person under the Medicaid program and converts any part of the benefit or payment to a use other than for the benefit of the person on whose behalf it was received;…
> (9) conspires to commit a violation of Subdivision (1), (2), (3)…
> (12) knowingly makes, uses, or causes the making or use of a false record or statement material to an obligation to pay or transmit money or property

to this state under the Medicaid program, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to this state under the Medicaid program; or

(13) knowingly engages in conduct that constitutes a violation under Section 32.039(b).

## F.   Texas Medical Assistance Program

15. The Texas Human Resources Code §32.039 referred to in allegation (14) above contains the activities subject to penalties under the Texas Medical Assistance Program and, in relevant parts to the claims alleged herein, states:

(b) A person commits a violation if the person:

(1-c) solicits or receives, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind for purchasing, leasing, or ordering, or arranging for or recommending the purchasing, leasing, or ordering of, any good, facility, service, or item for which payment may be made, in whole or in part, under the medical assistance program;

(1-e) offers or pays, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind to induce a person to purchase, lease, or order, or arrange for or recommend the purchase, lease, or order of, any good, facility, service, or item for which payment may be made, in whole or in part, under the medical assistance program;

16. The Defendants, individually and/or collectively, have violated the Texas Medical Fraud Prevention Act and the Texas Medical Assistance Program prohibitions by knowingly making, or causing to be made, false statements or misrepresentations of a material fact to permit a health care provider to receive a payment for services and supplies billed under the Medicaid Program that is greater than the payments that are authorized. Furthermore, the Defendants participating in any kickback schemes or referrals of patients for remuneration or referrals to medical goods suppliers for remuneration are in violation of both the TMFPA and the Texas Medical Assistance Program regulations.

### G.   **Texas Patient Solicitation**

17. The Texas Occupations Code §102.001 et seq., the Texas Patient Solicitation Act, in parts
relevant to the allegations alleged herein, states:

Sec. 102.001 SOLICITING PATIENTS; OFFENSE.
   (a) A person commits an offense if the person knowingly offers to pay or agrees to
   accept, directly or indirectly, overtly or covertly any remuneration in cash or in
   kind to or from another for securing or soliciting a patient or patronage for or from
   a person licensed, certified, or registered by a state health care regulatory
   agency.
   (b) Except as provided by Subsection (c), an offense under this section is a Class A
   misdemeanor.
   (c) An offense under this section is a felony of the third degree if it is shown on the trial
   of the offense that the person:
      (1) has previously been convicted of an offense under this section; or
      (2) was employed by a federal, state, or local government at the time of the
      offense.

18. Defendant Dr. Janki is in violation of the Texas Patient Solicitation Act by referring
patients to AD Hospitals and Clinics and other "Lucky Corporations" for $50,000 per
month.

19. John A. Daspit, personal injury attorney, is in violation of the Texas Patient Solicitation Act
by referring his clients to AD Hospitals and Clinics and other "Lucky Corporations" for the
opportunity to have the subsequently issued medical reports created or edited, as
instructed by him, to enhance his clients' personal injury claims.

20. Defendant Adam B. Henderson, a personal injury attorney, is in violation of the Texas
Patient Solicitation Act by referring his clients to AD Hospitals and Clinics and other
"Lucky Corporations" for monthly cash payments of $20,000-50,000 from AD Hospitals
and Clinics and/or other "Lucky Corporations".

21. Defendant Robert Turner, the CEO of Advanced Diagnostic Hospitals and Clinics, LLC, is
in violation of the Texas Patient Solicitation Act by writing, creating, or editing physician
reports to comply with the instructions of personal injury attorney John A. Daspit in
remuneration for attorney Daspit's referral of his client(s) to AD Hospitals and Clinics,
LLC.

22. Defendant Jon Hickey is in violation of the Texas Patient Solicitation Act by providing remuneration to various tow truck drivers for referring accident victims to AD Hospitals and Clinics and other "Lucky Corporations".

23. Lucky A. Chopra, MD, and/or "Lucky Corporations" are in violation of the Texas Patient Solicitation Act by offering remuneration to physicians, attorneys, and tow truck drivers for referring patients and/or accident victims to one or more "Lucky Corporations".

## H.   Texas Medicaid Fraud and Abuse Program

24. The Texas Administrative Code § 371, which addresses Medicaid and other Health and Human Services Fraud and Abuse Program, in relevant parts to the claims alleged herein, "(b) A person is subject to administrative actions or sanctions if the person …

   (12) fails to disclose documentation of financial relationships necessary to establish compliance with §1877 and §1903(s) of the Social Security Act or 42 C.F.R. §411.350 - .389 (Stark I, II, and III), the federal Anti-Kickback Statute, the Affordable Care Act, or other state or federal law prohibiting self-dealing or self-referral."

25. The Texas Human Resources Code §32.039, a state law prohibiting self-dealing or self-referrals, in relevant parts to the  activities of  Defendants Wanda McClelland, Dr. Henry Small,  and Urban Medical alleged herein, states:

   (b) A person commits a violation if the person:

      (1) presents or causes to be presented to the commission a claim that contains a statement or representation the person knows or should know to be false;

      (1-a) engages in conduct that violates Section 102.001, Occupations Code;

      (1-b) solicits or receives, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind for referring an individual to  a person for the furnishing of, or for arranging the furnishing of, any item or service for which payment may be made, in whole or in part, under the medical assistance program, …;

      (1-c) solicits or receives, directly or indirectly, overtly or covertly any remuneration, including any kickback, bribe, or rebate, in cash or in kind for purchasing, leasing, or ordering, or arranging for or recommending the purchasing, leasing, or ordering of, any good,

facility, service, or item for which payment may be made, in whole or in part, under the medical assistance program;

## I.   **False Advertising**

26. The Texas Occupations Code §102.004, the Texas Patient Solicitation Act provision applicable to advertising, states:

> Sec. 102.004.  Applicability to Advertising, Section 102.001 does not prohibit advertising, unless the advertising is:
>
> (1) false, misleading, or deceptive; …

27. Advanced Hospitals and Clinics publishes its hospital charges for procedures, facilities, pharmaceuticals, and medical/surgical supplies at www.adhealthcare.com.  In numerous instances, Advanced Hospitals and Clinics billed at prices different than its advertised published prices in violation of The Texas Occupations Code §102.004.

28. The Texas Administrative Code § 164.4 in parts relevant to claims against Dr. Huma Haider, states as follow:

> a) A physician is authorized to use the term "board certified" in any advertising for his or her practice only if the specialty board that conferred the certification and the certifying organization is a member board of the American Board of Medical Specialties (ABMS), or the American Osteopathic Association Bureau of Osteopathic Specialists (BOS), or is the American Board of Oral and Maxillofacial Surgery.
>
> (d) The terms "board eligible," "board qualified," or any similar words or phrase calculated to convey the same meaning may not be used in physician advertising.

29.  Dr. Huma Haider's advertising lists Board Certifications she does not have, in violation of Texas Administrative Code §164.4(a). Dr. Haider also repeatedly utilizes the term "board eligible" in her advertising in violation of the Texas Administrative Code §164.4(d) .

30. The Texas Administrative Code §164.3, in parts relevant to claims against Dr. Huma Haider, states as follows:

> a) No physician shall disseminate or cause the dissemination of any advertisement that is in any way false, deceptive, or misleading. Any advertisement shall be deemed by the board to be false, deceptive, or misleading if it:
> (2) contains material implied false claims or implied misrepresentations of

material fact;

    (10) causes confusion or misunderstanding as to the credentials, education, or licensure of a health care professional;

31. Dr. Haider advertises that she is a Certified Physician Life Care Planner but she neither possesses the required qualifications for certification nor is she certified by the CPLCP Certification Board.

## V. **DAMAGES**

      For the reasons set forth above, Relators herein, on behalf of the United States Government , respectfully request this Court to find that Defendants have damaged the United States Government as a result of their conduct under the False Claims Act, the Federal Stark Law and Anti-Kickback Statute, The RICO Act and the Lanham Act. Relators pray that judgment be entered against Defendants for all applicable damages recoverable under their Federal claims, including but not limited to the following:

### **Federal False Claims Act Violations**

a. Actual damages in an amount sufficient to reimburse the Government of the United States for all false claims paid by the Medicare Program; and

b. Civil Penalties in the amount of three times the actual damages suffered by the Government of the United States;  and

c. Civil Monetary Penalties as provided for by the False Claims Act of a minimum of $10,957 per claim up to a maximum of $21,916 per claim; and

d. Reimbursement of costs, expenses and attorney's fees.

### **Federal Stark Law and Anti-Kickback Statute**

a. Actual damages in an amount sufficient to reimburse the Government of the United States for all violations Stark Law and Anti-Kickback Statute;  and

b. Civil Penalties in the amount of three times the actual damages suffered by the Government of the United States;   and

c. Additional Civil Monetary Penalties as provided for by the Anti-Kickback Law which permits Civil fines up to $50,000.

## Federal Racketeering Act  - "RICO Act"

a. Actual damages in an amount sufficient to reimburse the Government of the United
   States for all violations of the Federal Racketeering Act; and

b. Civil Penalties in the amount of three times the actual damages suffered by the
   Government of the United States;

## The Lanham Act

a. Actual damages in an amount sufficient to reimburse the Government of the United
   States for all violations of the Lanham Act; and

b. Civil penalties in the amount of three times the actual damages suffered by the
   Government of the United States;

## Texas Medicaid Fraud Prevention Act

a. Actual damages in an amount sufficient to reimburse the State of Texas for all
   violations of the Texas Medicaid Fraud Prevention Act;

b. Interest on the amount of  actual damages awarded at the prejudgment interest rate in
   effect on the day the payment or benefit was received or paid, for the period from the
   date the benefit was received or paid to the date that the state recovers the amount of
   the payment or value of the benefit;

c. A civil penalty of not less than $5,500 or the minimum amount imposed as provided by 31
   U.S.C. Section 3729(a), if that amount exceeds $5,500, and not more than $11,000 or the
   maximum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds
   $11,000, for each unlawful act committed by the person that does not result in injury to a
   person described by Paragraph (A); and

d. Two times the amount of the payment or the value of the benefit determined as Actual
   Damages.

## Texas Medical Assistance Program

a. Actual damages plus interest on that amount determined at the rate provided by law for
   legal judgments and accruing from the date on which the payment was made; and

b. Payment of an administrative penalty of an amount not to exceed twice the amount
   paid as a result of each violation; plus

c. A penalty for each violation which is  not less than $5,000 or more than $15,000 for each violation that results in injury to an elderly person, a person with a disability, or a person younger than 18 years of age; or, not more than $10,000 for each violation that does not result in injury to a person described as an elderly person, a person under 18, or a person with a disability.

### Texas Patient Solicitation Act
a. A civil penalty of not more than $10,000 for each day of violation and each act of violation; plus
b. Reasonable expenses incurred in obtaining civil penalties, including investigation costs, court costs, reasonable attorney's fees, witness fees, and deposition expenses.

### False Advertising
a. A civil penalty of not more than $10,000 for each day of violation and each act of violation; plus
b. Reasonable expenses incurred in obtaining civil penalties, including investigation costs, court costs, reasonable attorney's fees, witness fees, and deposition expenses.

Relators, on behalf of the United States of America and the State, further pray for all other relief both in equity or at law to which they may be justly entitled.

Respectfully submitted by,

MARTY HERRING & ASSOCIATES

Joan M. Herring, Of Counsel
TBN: 14637850
FBN: 7034
Marty Herring
TBN:09533700
FBN: 6693
1616 South Voss Road, Suite 890
Houston, Texas 77057
Telephone: (832) 274-0982
Facsimile: (713) 787-9885

## CERTIFICATE OF SERVICE

On September 27, 2019, copies of the foregoing Complaint, was served on the United States of America and the State of Texas by sending them by certified U.S. mail, postage prepaid and return receipt requested, to each of the persons listed below:

William Pelham Barr                          Ryan K. Patrick
Attorney General                             U.S. Attorney's Office
Department of Justice                        Southern District of Texas
950 Pennsylvania Avenue, NW                  1000 Louisiana, Ste. 2300
Washington, DC  20530-001                    Houston, TX 77002


Ken Paxton
Texas Attorney General
Office of the Attorney General
300 West 15th Street
Austin, Texas 78701

Date: _9-27-2019_